Case: 1:09-cv-03875 Document #: 41 Filed: 01/11/11 Page 1 of 8 PageID #:96

FILED
JAN 11 2011
Jan 11, 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Transglory Tunisia S.A.R.L. herby denies any and all allegations of personal jurisdiction, and denies venue in the United States District Court for the Northern District of Illinois Eastern Division. Defendant moves pursuant to Rule 12(b)(2), and Rule 12(b)(4), U.S. Federal Rules of Civil Procedure to dismiss this action.

## FACTS

Plaintiffs entered into a contract of carriage with DSV Air & Sea, Inc. for the shipment of empty plastic cups from the port of New York, New York, U.S.A. to the port of Tunis, Tunisia. The bill of lading issued for this contract of carriage named Shipco Transport as the carrier, DSV Air & Sea Inc. as the forwarding agent and Transglory Tunis as the agent in Tunis, Tunisia. The bill of lading contained a choice of law and forum clause naming the United States District Court for the Southern District of New York as the court before which any and all claims arising from the bill of lading would be brought. Plaintiffs allege that there was significant delay regarding completion of the contract of carriage and filed a complaint with the United States District Court for the Northern District of Illinois Eastern Division. The plaintiffs completed process of service upon Transglory Tunisia by International Golden Foods, Inc. mailing a copy of the complaint by DHL mail services to the offices of Tranglory, Tunis, Tunisia.

## ARGUMENT

### 1. THE RULE 12(b)(4) MOTION

1



The court may not exercise jurisdiction over a case until the defendants have been properly served. *See Silva v. City of Madison*, 69 F.3d 1368 (7th Cir. 1995). Rule 4(h)(2) of the Fed. Rules of Civ. P. states that service upon a corporation not within any judicial district of the United states may occur in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i). Rule 4(f)(1) states service may conform with any internationally agreed means such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Because Tunisia is not a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents and because no agreement concerning the service of process between the U.S. and Tunisia has been signed, Rule f(2) applies. Rule f(2)(A) states that service of process must conform with that prescribed by the foreign country's law. Transglory Tunisia S.A.R.L. (hereafter "Transglory") is a Tunisian company with is principle place of business in Tunis, Tunisia. Subsequently, Transglory does not lie within any judicial district of the United State and Rule 4(h)(2) applies. The plaintiff International Golden Foods, Inc. personally mailed a copy of the complaint to Transglory in Tunisia using DHL which was neither addressed nor sent by the court clerk. This form of service of process does not conform with the laws of Tunisia as required by Rule f(2)(A) and is subsequently insufficient.

## 2. THE RULE 12(b)(2) MOTION

Defendant Transglory has no physical presence in the State of Illinois, USA. Defendant Transglory has no office or agents in the State of Illinois, and conducts no business in Illinois. The Plaintiffs' Complaint, asserting breach of contract and



negligence, contains no allegation of any conduct by defendant Transglory in Illinois, or within the Northern District of Illinois.

### I. Even when Taken as True, No Allegation within the Complaint Supports Personal Jurisdiction

When assessing whether the plaintiff can meet its burden to demonstrate the court's personal jurisdiction over the defendant, the complaint is the starting point of the analysis. *Morton Grove Pharma, Inc. v. The Nat pediculosis Ass'n, Inc.*, 485 F. Supp.2d 944, 947 (N.D. Ill. 2007) (plaintiff's "burden to demonstrate that venue is proper and that this court has personal jurisdiction over the defendant."). Rule 8(a)(1) of the U.S. Fed. R. of Civ. P. requires the complaint to contain a short and plain statement of the grounds for the court's jurisdiction. In the plaintiff's complaint, no mention is made concerning the court's jurisdiction over Transglory.

### II. Lack of General or Specific Contacts

For the Court to have personal jurisdiction over a party, that party must have sufficient minimum contacts with the state of Illinois to make the exercise of jurisdiction fair under the Due Process Clause of the U.S. Constitution. *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945). To exercise personal jurisdiction over a non-resident defendant, there must be both a statutory basis for jurisdiction in addition to sufficient minimum contacts with the state so as not to "offend notions of fair play and substantial justice." *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill.2d 304, 311 (1986). Additionally, the contacts must demonstrate "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Transglory did not enter into a contract



with the claimant in the state of Illinois which it knew to be an Illinois resident. Nor did Transglory purposefully avail itself of the privilege of conducting activities within the state of Illinois.

Defendant Transglory conducts operations from its principal place of business in Tunis, Tunisia. The defendant Transglory lacks sufficient, systematic contacts with Illinois to support an assertion of general jurisdiction because defendant Transglory has no office or agents, owns no property, and has no telephone listing or bank account in Illinois. Defendant Transglory has no physical presence in the State of Illinois, and has not specifically and intentionally targeted any of its activities towards Illinois. Furthermore, the defendant Transglory has not purposefully directed any of its activities at the State of Illinois or its citizens. Plaintiffs' complaint, taken as if true which Defendant denies, fails to plead any basis for personal jurisdiction over Defendant Transglory.

### III. Forum Selection Clause in the Bill of Lading

Bills of lading serve three purposes: They serve as contracts of carriage, documents of title, and as receipts. *Pomerene Act* 1916/1994, 49 U.S. Code 80101-80116, at sects. 80113(a) and (d)(2). As contracts, bills of lading often contain jurisdiction clauses which have been held valid by U.S. courts in bill of lading disputes. *Continental Insurance Co. v. M/V Orsula,* U.S., 354 F.3d 603 (2003). Courts have also held arbitration clauses specifying foreign forums in bills of lading to be valid. *Vimar Seguros Y Reaseguros, S.A. v. M/V Sky Reefer et al,* 515 U.S. 528 (1995). In admiralty cases, forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen*

*v. Zapata Off-Shore Co.,*407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). The bill of lading naming International Golden Foods, Inc. the shipper, and Soeciete Ibrahim de Commerce S.A.R.L. the cosignee, and naming DVS Air & Sea, Inc. forwarding agent where Shipco Transport Inc. served as carrier dated August 13, 2007 and out of which Plaintiffs' claims of breach of contract and negligence arise, contains a law and jurisdiction clause. Under Article 23 of the contract formed between the parties titled "Law and Jurisdiction," a contract of carriage "To Or From United States Ports" has the following law and jurisdiction clause: "The claims arising from or in connection with or relating to this Bill of Lading shall be exclusively governed by the law of the United States. Any and all action concerning custody or carriage under this Bill of Lading whether based on breach of contract, tort or otherwise shall be brought before the United States District Court for the Southern District of New York." Because Plaintiffs have agreed under the terms of the bill of lading out of which their claims arise that all claims shall be brought within the United States District Court for the Southern District of New York, Plaintiffs are barred from bringing such a claim before the United States District Court for the Northern District of Illinois.

## CONCLUSION

Plaintiffs' complaint was not served in conformity with Rule 12(b)(4) of the U.S. Federal Rules of Civil Procedure and thus service of process was insufficient. Furthermore, the Complaint fails to plead personal jurisdiction, or any connection between the parties, the forum and specific activities. Furthermore, a forum selection clause agreed to by the two parties to the contract, the Plaintiff and DSV Air & Sea, Inc., requires that all disputes arising from the contract be litigated before the United States

District Court for the Southern District of New York. For these reasons, dismissal of Plaintiff's Complaint pursuant Rules 12(b)(4) and 12(b)(2) of the U.S. Federal Rules of Civil Procedure is proper.

Date 01.07.2011

Respectfully Submitted,

Daniel Behn
Attorney for Plaintiffs
AACNI Abogados
Via Augusta 143-2
Barcelona, Spain 08021
Tel:+34.934.146.668
E-mail: aacni@aacni.com

**SHIPCO TRANSPORT**

**BILL OF LADING**

| Shipper | Booking No | B/L No |
|---|---|---|
| INTERNATIONAL GOLDEN FOODS<br>819 INDUSTRIAL DRIVE<br>BENSENVILLE, IL | 1600902 | TUN1600902 |
| | Export References<br>0295.13309 | |

| Consignee | Forwarding Agent |
|---|---|
| SOCIETE IBRAHIM DE COMMERCE<br>S.A.R.L. RESIDENCE ANDALOUS 1404<br>MAOLA N.5 RUE TUNIS SOLIMAN<br>TUNIS, TUNISIA | DSV AIR & SEA, INC.<br>100 WALNUT AVENUE, SUITE 405<br>CLARK NJ 07066 |
| | Point and Country of Origin<br>NJ |

| Notify Party | Also Notify |
|---|---|
| SAME AS CONSIGNEE | TRANSGLORY TUNIS<br>ZONE PORTUAIRE DE RADES<br>RADES 2040<br>PH: 216714497177 FX: 01121671449707 |

| Pre-carriage by | Place of Receipt |
| | JANESVILLE, WI |

| Vessel | Port of Loading | | |
|---|---|---|---|
| ZIM NEW YORK 25E | NEW YORK | RAMP/ CY | 708064055 |

| Port of Discharge | Place of Delivery | Mode of Movement |
|---|---|---|
| TUNIS | | EXPRESS |

**PARTICULARS FURNISHED BY SHIPPER**

| Marks & Nos/Container Nos | No. of Pkgs | Description of Packages and Goods | Gross Weight | Measurement |
|---|---|---|---|---|
| GLDU0842632<br>SEAL#86146 | 1 | 40'HC S.T.C. SLAC: 640 PCS<br>OF EMPTY PLASTIC CUPS<br><br>AES 22-2301684.0295.13310<br>X20070730021777<br>EXPRESS BILL OF LADING<br>DDC/CSC COLLECT<br>FREIGHT PREPAID<br>SHIPPER'S LOAD, STOW, COUNT AND SEAL | 15,000.00LB<br>6,804.000KG | CF<br>.000CM |
| GLDU0842632/86146 | | **NON-NEGOTIABLE** TOTAL: 15,000.000LB<br>6,804.000KG | | .000CF<br>.000CM |

| FREIGHT & CHARGES | BASIS | RATE | PREPAID | COLLECT |
|---|---|---|---|---|
| | | | | |

NEW YORK on AUG 13, 2007
SHIPCO TRANSPORT INC. AS CARRIER

Carrier to be incorrect the Merchant shall pay the Carrier the correct Charges (credit being given for the Charges charged) and the costs incurred by the Carrier in establishing the correct particulars.
**(3)** All Charges shall be paid without any set off, counterclaim, deduction or stay of execution.
**(4)** Any person, firm or corporation engaged by any party to perform forwarding services with respect to the Goods shall be considered the exclusive agent of the Merchant for all purposes and any payment of Freight to such person, firm or corporation shall not be considered payment to the Carrier in any event. Failure of such person, firm, or corporation to pay any part of the Freight to the Carrier shall be considered a default by the Merchant in the payment of the Freight.
**(5)** Should the Merchant fail to make timely payment of the applicable Freight, the Merchant shall be liable to Carrier for all costs and expenses including attorneys' fees associated with the collection of such Freight from the Merchant plus 6% of interest calculated from the date the Freight became due.

### 20. LIEN

The Carrier shall have a lien for General Average contribution and for Freight for the Carriage of the Goods and on any documents relating to the Goods as well as in respect to unpaid Freight from any previous Carriage on behalf of the Merchant who owes that Freight to the Carrier. The Carrier has the right to sell the Goods at public or private sale without notice to the Merchant to satisfy the lien in whole or in part. If the proceeds of this sale fail to cover the whole amount due, the Carrier is entitled to recover the deficit from the Merchant.
### 21. VARIATION OF THE CONTRACT

No servant or agent of the Carrier shall have power to waive or vary any of the terms hereof unless such waiver or variation is in writing and is specifically authorized or ratified in writing by a director or officer of the Carrier who has the actual authority of the Carrier so to waive or vary.

### 22. PARTIAL INVALIDITY
If any provision in this Bill of Lading is held to be invalid or unenforceable by any court or regulatory or self regulatory agency or body, such invalidity or unenforceability shall attach only to such provision. The validity of the remaining provisions shall not be affected thereby and this Bill of Lading contract shall be carried out as if such invalid or unenforceable provision were not contained herein.

**23. LAW AND JURISDICTION** (a) To Or From United States Ports. The claims arising from or in connection with or relating to this Bill of Lading shall be exclusively governed by the law of the United States. Any and all action concerning custody or carriage under this Bill of Lading whether based on breach of contract, tort or otherwise shall be brought before the United States District Court for the Southern District of New York.

(b) To And From Non-U.S. Ports. The claims arising from or in connection with or relating to this Bill of Lading shall be exclusively governed by English law. Any and all actions concerning custody or carriage under this Bill of Lading whether based on breach of contract, tort or otherwise shall be brought before a London court of competent jurisdiction.

